RIEF, Executrix, Respondent, vs. CONTINENTAL CASUALTY COMPANY, Appellant.

*March 23—April 9, 1907.*

*Insurance: Illness indemnity: Findings: Evidence: Varying written contract.*

1. In an action to recover an illness indemnity under a policy of insurance, findings to the effect that the insured contracted an acute illness and by reason thereof was necessarily and continuously confined strictly to his house and was regularly visited by a qualified physician, are *held* to have no support in the evidence.

2. There being no claim of fraud or mistake and no foundation laid for a reformation of the policy, evidence to vary or contradict the terms of the policy was not admissible.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

This action was brought by plaintiff as executrix to recover for a sick benefit claimed to be due her testator under a policy of insurance issued by the defendant company. The action was tried by the court without a jury and resulted in findings and judgment for plaintiff for $87 and costs. Defendant appealed from the judgment.

The clause in the policy under which plaintiff claims the right to recover is as follows:

"An illness indemnity of thirty dollars per month, or at that rate for any proportionate part of a month for the time, after the first week, the insured is necessarily and continuously confined strictly in the house, and being regularly visited by a legally qualified physician, by reason of acute illness that is contracted and begins after this policy has been in full force and effect, without delinquency, for thirty consecutive days immediately preceding the commencement of such illness; and a partial indemnity at one fifth of said monthly rate for such time as he shall immediately thereafter, by reason of such illness, be wholly and continuously disabled and prevented from attending to or performing any and all kinds of business, though not necessarily confined in the house, while under the care of a legally qualified physician; provided, that the total length of time for which indemnity shall be paid, for any one continuous illness, shall not exceed eight consecutive months. Disability resulting from sunstroke, freezing, carbuncles, boils, felons, abscess, and ulcers is classified as illness and covered only under paragraph number three hereof."

The following errors are relied upon for reversal:

(1) The court erred in making finding 3, as follows: "(3) That said Frank J. Rief contracted an acute illness on the 17th day of October, 1904."

(2) The error of the court in making finding 4, as follows: "(4) That he was necessarily and continuously confined strictly to his house by reason of said acute illness till he died

on January 14, 1905, and was regularly visited by a qualified physician."

For the appellant there was a brief by *Higbee & Higbee,* and oral argument by *E. C. Higbee.*

*C. L. Hood,* for the respondent.

KERWIN, J.   The plaintiff's claim for recovery is based upon clause 3 of the policy, set out in the foregoing statement of facts.   This clause provides for an illness indemnity of $30 per month for the time after the first week the insured "is necessarily and continuously confined strictly in the house, and being regularly visited by a legally qualified physician, by reason of acute illness."   The errors assigned raise the question of the sufficiency of the evidence to support the findings under clause 3 of the policy.   We have searched the record in vain for evidence to support the findings.   There is absolutely no evidence that the plaintiff's testator was necessarily and continuously confined strictly to his house by reason of an acute illness, or that he was regularly visited by a qualified physician.   The evidence shows that he had some trouble with his throat, and was operated upon October 17, 1904, at which time it was found that he had a cancerous growth in his throat; that it was a chronic condition; that it got worse towards the last; that cancer is never an acute disease.   There is no evidence that cancer is an acute disease, or that illness produced from it is an acute illness, or that the operation produced an acute illness, or that the testator's illness was an acute illness.   In fact the third and fourth findings excepted to are wholly unsupported by the evidence.   It may be that the idea of counsel for respondent was that, while cancer is not an acute disease, still an acute illness was caused in some way by the operation or otherwise.   But the difficulty is that there is no proof that the testator was afflicted with an acute illness through any cause.

Evidence was offered on the trial, somewhat indefinite, but

as we understand it calculated to vary or contradict the terms of the policy. This evidence was duly objected to. There is no claim of fraud or mistake, and no foundation laid for a reformation of the policy. Hence evidence to vary or contradict its terms was inadmissible.

We think it very clear that findings 3 and 4 are not supported by the evidence, and therefore the judgment must be reversed.

*By the Court.*—Judgment of the court below is reversed and the cause remanded for a new trial.

CASSODAY, C. J., took no part.